BY FAX

E-FILING

FILED
JUL 01 2011
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CATHERINE A. CONWAY (SBN 98366)
GREGORY W. KNOPP (SBN 237615)
MARK R. CURIEL (SBN 222749)
JEREMY F. BOLLINGER (SBN 240132)
AKIN GUMP STRAUSS HAUER & FELD LLP
2029 Century Park East, Suite 2400
Los Angeles, California 90067
Telephone:   310-229-1000
Facsimile:    310-229-1001

Attorneys for Defendant Starbucks Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

PSG

| | |
|---|---|
| BRITTNEY COOPER, an individual, on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION, a Washington Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. **CV11-03268**<br><br>**DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441(A), 1446, 1453**<br><br>**(DIVERSITY)**<br><br>[Declarations of Jana Rutt and Jeremy F. Bollinger; Civil Cover Sheet; Certification of Interested Entities or Persons; and Notice of Related Cases filed concurrently]<br><br>(Santa Clara County Superior Court Case No. 111CV201544) |

1
DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C.
§§ 1332(D)(2), 1441(A), 1446, 1453

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that defendant Starbucks Corporation ("Starbucks") hereby removes to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453. In support thereof, Starbucks states as follows:

1. On May 24, 2011, a putative class action was commenced and is currently pending against Starbucks in the Superior Court of California, County of Santa Clara, as Case No. 111CV201544, entitled *Brittney Cooper, an individual, on behalf of herself and all persons similarly situated, vs. Starbucks Corporation*. On June 2, 2011, Starbucks was served with the complaint. *See* Declaration of Jeremy F. Bollinger in Support of Starbucks Corporation's Notice of Removal of Action Pursuant to 28 U.S.C. §§ 1332(d)(2), 1441, 1446, and 1453 ("Bollinger Decl.") ¶ 2. Attached as **Exhibit A** to the Bollinger Declaration is a true copy of the Notice of Service of Process, Summons, Civil Case Cover Sheet, Notice of Case Management Conference, Alternative Dispute Resolution Package, and Complaint. *See* Bollinger Decl. ¶ 2. Attached as **Exhibit B** to the Bollinger Declaration is a true conformed copy of Starbucks Answer to Plaintiff's Complaint, filed in Santa Clara County Superior Court on June 29, 2011. *See* Bollinger Decl. ¶ 3. There have been no further proceedings in case number 111CV201544 and no other pleadings have been filed and served upon Plaintiff or Starbucks in this action. *See* Bollinger Decl. ¶ 4.

2. Plaintiff Brittney Cooper is a former Starbucks employee who asserts claims for failure to pay minimum and overtime wages, failure to provide accurate itemized wage statements, and violation of the California unfair competition laws. *See* Complaint, ¶¶ 23-54. Plaintiff purports to bring these claims on behalf of a putative class that includes persons currently and formerly employed by Starbucks in California as a non-exempt, hourly Barista during the period of May 24, 2007 to the present. Complaint, ¶ 4.

3. The Complaint and Summons were served on June 2, 2011. Bollinger Decl. ¶ 2. Starbucks Notice of Removal is timely because it is filed within thirty (30) days of that service. *See* 28 U.S.C. § 1446(b).

4. The above-described action is a civil action of which this Court has original jurisdiction and thus may be removed pursuant to 28 U.S.C. § 1441(b). Under 28 U.S.C. § 1441(a), a defendant may remove to federal district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction . . . ."

5. **Diversity Jurisdiction**. This Court has diversity jurisdiction over Plaintiff's claims. Pursuant to the Class Action Fairness Act ("CAFA"), federal district courts have original jurisdiction over a class action if (1) it involves 100 or more putative class members, (2) any class member is a citizen of a state different from any defendant, and (3) the aggregated amount in controversy exceeds $5 million (exclusive of costs and interest). *See* 28 U.S.C. §§ 1332(d)(2), d(5), and (d)(6).

6. **Class Size**. If Plaintiff's allegations are established, the class will exceed 100 members. *See* Complaint, ¶ 15; *see also* Declaration of Jana Rutt in Support of Notice of Removal of Action ("Rutt Decl.") ¶ 8 (indicating that Starbucks employed more than 84,000 individuals as Baristas at its stores in California between May 2007 and June 2011).

7. **Diversity of Citizenship**. At all relevant times, there has been diversity of citizenship between the parties to the action. Starbucks is informed and believes that Plaintiff, at the time this action was commenced, was a citizen and resident of the State of California. *See* Complaint, ¶9.

8. Starbucks is not a citizen of the State of California. "[A] corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). Starbucks has not been incorporated in California. Rather, at the time this action was commenced, Starbucks was and is a corporation organized and incorporated under the laws of the State of Washington. *See* Complaint ¶ 1; Rutt Decl. ¶ 2.[1] Nor is California the state in which Starbucks has its principal place of business. Rather, as shown below, Starbucks principal place of business is located in the state of Washington.[2]

---

[1] A defendant may make the requisite showing by setting forth additional facts in declarations of knowledgeable company officials. *See United Computer Systems, Inc. v. AT&T Corp.*, 298 F.3d 756, 763 (9th Cir. 2002).

[2] "[28 U.S.C. § 1332(c)] makes clear that every corporation has one and only one principal place of business." *J.A. Olson Co. v. City of Winona, Miss.*, 818 F.2d 401, 406 (5th Cir. 1987), *citing* S.Rep. No. 1830, 85th Cong., 2d Sess., *reprinted in* 1958 U.S.C.C.A.N. 3099, 3102 (corporation to be

3
DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441(A), 1446, 1453

9. The Supreme Court has explained that a court should apply what had been formerly referred to by Courts of Appeals as the "nerve center" test to identify the state in which the majority of the corporation's executive and administrative functions are performed. *See Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1192 (2010) (resolving circuit split regarding methodology for determining a corporation's principal place of business for citizenship and diversity jurisdiction purposes in favor of "nerve center" test).

10. Under the "nerve center" test, the principal place of business is the state where 'a corporation's officers direct, control, and coordinate the corporation's activities." *Id.* The Supreme Court further explained in *Hertz* that a corporation's nerve center "should normally be the place where the corporation maintains its headquarters" and that a corporation's nerve center is a "single place." *Id.* at 1192-93. Relevant factors include where executives reside and maintain offices, where administrative and financial offices are located, where the board of directors meet, where income tax returns are filed, and where day-to-day control over the company is executed. *See Unger v. Del E. Webb Corp.*, 233 F. Supp. 713, 716 (N.D. Cal. 1964), *accord State Farm Fire & Casualty Co. v. Byrd*, 710 F. Supp. 1292, 1293 (N.D. Cal. 1989).

11. Starbucks maintains its corporate headquarters in Seattle, Washington. Rutt Decl. ¶ 2. Starbucks executive officers, including the chairman, president, chief financial officer, executive vice-presidents, and general counsel, maintain their offices at Starbucks headquarters in Seattle, Washington. Rutt Decl. ¶ 3. From its headquarters in Washington, the Company manages day-to-day operations, including determining and implementing company-wide policy regarding human resources, marketing, finance, accounting, income tax, product distribution, and legal issues. Rutt Decl. ¶ 4. Meetings of Starbucks Board of Directors and stockholders take place in the state of Washington. Rutt Decl. ¶ 5. In addition, Starbucks financial records are maintained in Washington, and the Company's tax returns are filed from the executive offices in Washington. Rutt Decl. ¶¶ 6-7.

12. Accordingly, this action is between citizens of different states – Plaintiff, who is a citizen of California, and Starbucks, which is a citizen of Washington.

---

regarded as "citizen of that *one* State in which was located its principal place of business") (emphasis added).

13. Starbucks has no knowledge that any Doe Defendants have been served in this action, and the citizenship of such fictitious defendants is disregarded for purposes of removal. *See* 28 U.S.C. § 1441(a).

14. **Amount in Controversy**. Starbucks avers, for purposes of this Notice only, that if Plaintiff prevailed on the claims asserted in this action, the requested monetary recovery would exceed five million dollars.[3]

15. For her Second Cause of Action, Plaintiff alleges that Starbucks maintains a "uniform policy and practice" of failing to pay all wages for new-hire and ongoing training activities, which wages would still be due upon termination. *See* Complaint, ¶¶ 2, 35-50. Under Labor Code Section 203, former employees whom an employer willfully denied wages may recover penalties in the amount of their daily rate for a period of up to thirty days. *See* Cal. Lab. Code § 203. A three-year statute of limitations applies to claims brought pursuant to Section 203. *Pineda v. Bank of America, N.A.*, 50 Cal. 4th 1389, 1395-96 (2010).

16. Thus, the class of individuals whom Plaintiff claims are entitled to penalties under Section 203 potentially includes all former Baristas employed by Starbucks in California since May 24, 2008, under the three-year statute of limitations. *See* Complaint ¶ 4. Between May 2008 and June 2011, Starbucks employed more than 61,000 individuals as Baristas at its stores in California. Rutt Decl. ¶ 8. Out of those individual Baristas, more than 38,000 no longer work for Starbucks. Rutt Decl. ¶ 8. These individuals earned at least $8.00 per hour, the prevailing minimum wage rate in California during the relevant period.[4] Rutt Decl. ¶ 9. *See* Complaint ¶¶ 1, 6-7, 15. Because these individuals typically worked more than three hours per day, their average daily rate of pay was more than $24.00. Rutt Decl. ¶ 9. Accordingly, a 30-day penalty would total at least $720 per person. Therefore, with respect to the 38,000 Baristas that comprise the alleged class of individuals allegedly entitled to

---

[3] A defendant may make the requisite showing by setting forth additional facts in the notice of removal or by affidavit. *See Lamke v. Sunstate Equipment Co., LLC*, 319 F. Supp. 2d 1029, 1032 (N.D. Cal. 2004).

[4] The California Department of Labor Standards Enforcement website indicates that the minimum wage in effect from May 24, 2008 to the present is $8.00 per hour. *See* http://www.dir.ca.gov/Iwc/MinimumWageHistory.htm.

Section 203 penalties, the amount in controversy for the Section 203 penalties alone exceeds the jurisdictional threshold of $5,000,000.00.

17. Thus, without even considering Plaintiff's underlying wage claims, the amount in controversy clearly exceeds the jurisdictional threshold.

18. There are no grounds that would justify this Court in declining to exercise its jurisdiction pursuant to 28 U.S.C. § 1332(d)(3) or requiring it to decline to exercise jurisdiction pursuant to 28 U.S.C. § 1332(d)(4).

19. **Venue**. The United States District Court for the Northern District of California is the judicial district embracing the place where Case No. 111CV201544 was filed by Plaintiff and is therefore the appropriate court for removal pursuant to 28 U.S.C. § 1441(a).

WHEREFORE, Starbucks requests that the above action now pending against it in the Superior Court of California, County of Santa Clara, be removed therefrom to this Court.

Dated: July 1, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
Mark R. Curiel
Jeremy F. Bollinger

By _____
Mark R. Curiel
Attorneys for Defendant Starbucks Corporation

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, CA 90067. On July 1, 2011, I served the foregoing document(s) described as: **DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1332(D)(2), 1441(A), 1446, 1453** on the interested party(ies) below, using the following means:

Norman B. Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
Blumenthal, Nordrehaug & Bhowmik
2255 Calle Clara
La Jolla, CA 92037
Fax:   (858) 551-1223

☒ BY UNITED STATES MAIL   I enclosed the documents in a sealed envelope or package addressed to the respective address(es) of the party(ies) stated above and placed the envelope(s) for collection and mailing, following our ordinary business practices. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid at Los Angeles, California.

☐ BY OVERNIGHT DELIVERY   I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the respective address(es) of the party(ies) stated above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ BY FAX   Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the respective fax number(s) of the party(ies) as stated above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission(s), which I printed out, is attached.

☐ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.   Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☐ (STATE)   I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

☒ (FEDERAL)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 1, 2011 at Los Angeles, California.

Serena Steiner
[Print Name of Person Executing Proof]          [Signature]

7
DEFENDANT STARBUCKS CORPORATION'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C.
§§ 1332(D)(2), 1441(A), 1446, 1453