<pre>
 1  CATHERINE A. CONWAY (SBN 98366)
    GREGORY W. KNOPP (SBN 237615)
 2  MARK R. CURIEL (SBN 222749)
    JEREMY F. BOLLINGER (SBN 240132)
 3  **AKIN GUMP STRAUSS HAUER & FELD LLP**
    2029 Century Park East, Suite 2400
 4  Los Angeles, CA 90067
    Telephone:    (310) 229-1000
 5  Facsimile:    (310) 229-1001

 6  Attorneys for Defendant Starbucks Corporation

 7

    NORMAN B. BLUMENTHAL (SBN 068687)
 8  KYLE R. NORDREHAUG (SBN 205975)
    APARAJIT BHOWMIK (SBN 248066)
 9  PIYA MUKHERJEE (SBN 274217)
    **BLUMENTHAL, NORDREHAUG & BHOWMIK**
10  2255 Calle Clara
    La Jolla, CA 92037
11  Telephone: (858) 551-1223
    Facsimile: (858) 551-1232
12
    Attorneys for Plaintiff
13
</pre>

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTNEY COOPER, an individual, on behalf of herself and all persons similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>STARBUCKS CORPORATION, a Washington Corporation; and DOES 1 through 50, inclusive,<br><br>Defendant. | Case No. CV 11-3268 PG<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    July 26, 2011<br>Time:    2:00 P.M. |

Pursuant to Local Rule 16-9, Fed. Rule of Civil Proc. 26(f) and the Court's standing order regarding contents of joint case management statements, Plaintiff Brittney Cooper ("Plaintiff") and Defendant Starbucks Corporation ("Defendant") submit this Joint Case Management Statement following the conference of counsel.

## I. JURISDICTION AND SERVICE

On May 24, 2011, Plaintiff filed this putative class action in the Superior Court of California, County of Santa Clara. Defendant subsequently removed this action to this Court pursuant to 28 USC sections 1332(d)(2), 1441, 1446, and 1453.

The parties agree that jurisdiction in the federal courts is proper.

The named Defendant has been served; no Doe Defendants have been identified or served.

## II. FACTS

### A. Brief Description of the Case

Plaintiff, a former California employee of Defendant who held the position of barista, filed this complaint on May 24, 2011, alleging that Defendant failed to properly pay minimum wages, wages for all hours worked and overtime wages that were owed for compensable training time spent by Plaintiff and other similarly situated employees reviewing, memorizing and completing Defendant's training materials.

Additionally, Plaintiff alleges violations of California Labor Code section 226 regarding itemized wage statements. Plaintiff seeks penalties under the Private Attorneys' General Act ("PAGA") for alleged Labor Code violations and alleges that the above wage and hour violations constitute unfair business practices under California Business and Professions Code section 17200.

Plaintiff seeks to maintain a California class action under Fed. R. Civ. P. 23(b)(2) and/or (3) on behalf of other non-exempt, hourly baristas of Defendant. Plaintiff seeks to recover unpaid wages, monetary penalties, monetary restitution, fees, costs, and interest and pursue injunctive relief on her own behalf and on behalf of the putative Rule 23 class.

Defendant filed its answer on June 29, 2011. Defendant denies that Plaintiff or any putative class members were not properly compensated and thus denies any liability on the unpaid wages claims, as well as derivative claims for penalties, restitution and other relief. Additionally, Defendant denies that this action may be properly maintained as a class action.

**B.  Principal Factual Issues in Dispute**

Plaintiff contends that the hours spent by herself and other hourly employees training constitutes "hours worked" for which she and the other members of the putative class should have received minimum wages, or overtime wages to the extent the hours spent performing this work was in excess of eight (8) hours in a day or forty (40) hours in a week.

Factually, the remaining claims derive from the alleged nonpayment of these hours worked. Plaintiff alleges that sufficient common factual issues predominate such that the case may be maintained as a class action.

Defendant contends that Plaintiff and the putative class have been properly compensated for all hours worked, including any compensable training time, consistent with Defendant's policies. Accordingly, Defendant contends that the remaining derivative claims lack sufficient factual basis. Moreover, Defendant contends that this case cannot be properly maintained as a class action as, among other things, individual factual issues predominate.

## III.  LEGAL ISSUES

The parties have identified the following primary legal issues:

(1)  Whether Plaintiff and the putative class members were properly compensated for all "hours worked" spent training and performing related tasks thereto under California law;

(2)  Whether Defendant failed to provide Plaintiff and the putative class members with wage statements in compliance with California Labor Code section 226;

(3)  Whether Plaintiff is entitled to seek civil penalties under the California Labor Code on behalf of the State of California;

(4)  Whether Plaintiff and the putative class members are entitled to restitution under California Business and Professions Code section 17200; and

(5)  Whether this action is maintainable as a California class action under Rule 23(b)(2) and/or (b)(3).

## IV. MOTIONS

Plaintiff anticipates filing a motion for class certification under Rule 23(b)(2) and (3). The parties are also aware of a related class action in which the plaintiff's motion for class certification is currently under submission. See Section X, below. The parties are currently discussing potential stipulations and/or motion practice that the parties may engage in to address how to proceed in light of this related action, including a potential stay. Defendant reserves any right to move to dismiss this action, and/or transfer it to the district where the related case is pending, based on the first-to-file rule. Defendant also anticipates filing a motion for summary judgment and/or an affirmative motion to deny class certification.

## V. AMENDMENT OF PLEADINGS

Plaintiff may seek to amend the complaint to add another putative class representative or to add an additional cause of action for civil penalties pursuant to the California Private Attorney General Act of 2004. No other amendment of pleadings is currently contemplated.

## VI. EVIDENCE PRESERVATION

The parties have taken steps to preserve evidence, including electronically stored information, relevant to the issues reasonably evident in this action.

## VII. DISCLOSURES

The parties will exchange timely initial disclosures pursuant to Rule 26(a)(1) on September 26, 2011.

## VIII. DISCOVERY

Plaintiff will serve an initial set of discovery consisting of document requests, requests for admissions, and special interrogatories. Defendant will be serving discovery shortly.

(A) At this time, the parties are not aware of any issues concerning electronically-stored information.

(B)     At this time, the parties are not aware of any issues regarding claims of privilege or of protection of trial-preparation materials.

(C)     The parties do not currently propose any changes to the limitations imposed on discovery by the Federal Rules of Civil Procedure. Defendant's position is that that pre-certification discovery should be limited to certification issues and the merits of Plaintiff's individual claims. Plaintiff's position is that no limitations or phases should be imposed on conducting discovery unless this issue is addressed by additional briefing.

(D)     At this time, the parties do not request any other orders from the Court pursuant to Rules 16(b) and (c) and 26(c). Defendant believes that a stipulation and confidentiality and/or protective order may be needed in the future to protect certain confidential, proprietary and trade secret information (the scope of which is dependent, in part, on discovery requests made by Plaintiff). The parties will meet and confer regarding the necessity of a stipulation and order regarding confidentiality, as the case and discovery proceed.

## IX.     CLASS ACTIONS

The parties provide the following information pursuant to Local Rule 16-9(b):

(1)     Plaintiff contends that this action is maintainable as a class action under Rule 23(b)(2) and/or (3).

(2)     Plaintiff intends to bring this action as a Rule 23 class action on behalf of all hourly baristas employed in California by Defendant during the period May 24, 2007 to the present.

(3)     Plaintiff believe that class certification under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure is appropriate for the following reasons:

(a)     Plaintiff alleges that the persons who comprise of the putative class are so numerous that the joinder of all such persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court;

(b)     Plaintiff alleges that nearly all factual, legal statutory, and declaratory relief issues that are raised in this Complaint are common to the members of the putative class;

(c) Plaintiff alleges that the claims of the representative Plaintiff are typical of claims of each member of the putative class;

(d) Plaintiff alleges that she will fairly and adequately represent and protect the interest of the putative class and has retained counsel who are competent and experienced in Class Action litigation.

(4) Defendant denies Plaintiff's above-stated allegations and denies that this case is properly maintained as a Class Action pursuant to Fed. R. Civ. Proc. 23(b)(2) or (3).

## X.   RELATED CASES

*York v Starbucks*, currently pending in the United States Central District Court, Case No. CV08-07919 GAF (PJWx). This is a putative class action case in which the plaintiff's class certification motion is fully briefed and currently under submission. The plaintiff in *York*, like the Plaintiff here, purports to represent a class including California baristas for alleged unpaid wages. Defendant will be filing a Notice of Pendency of Other Action or Proceeding pursuant to Local Rule 3-13 that will provide additional details regarding the *York* action.

## XI.   RELIEF

Plaintiff seeks to recover unpaid wages, monetary penalties, monetary restitution, fees, costs, interest and pursues injunctive relief on her own behalf and on behalf of the putative Rule 23 class. Defendant denies that Plaintiff has been damaged and denies that Plaintiff is entitled to the relief sought, or any relief whatsoever. Defendant further denies that this action is properly maintainable as a Rule 23 class action. The parties agree that the calculation of any damages, if liability is established, is grounded in the amount of any unpaid hours worked.

## XII.   SETTLEMENT AND ADR

The parties have agreed to engage in private mediation. The parties will continue to meet and confer as to a mediator and date for the mediation. Because the class certification motion filed in *York* is still pending, the parties believe it is premature to set a deadline for the

completion of mediation until that motion is decided. Additionally, both parties agree that some initial informal and/or formal discovery needs to be completed before the parties engage in mediation. The parties will be filing independent certifications and a joint stipulation regarding the ADR process in compliance with ADR Local Rule 3-5.

### XIII. CONSENT TO MAGISTRATE JUDGE

The parties have consented to the magistrate judge for all further proceedings.

### XIV. OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### XV. NARROWING OF ISSUES

The parties have not identified any issues that can be narrowed during their early meet and confer efforts. The parties will continue to cooperate in identifying possibilities for narrowing of issues as the case moves forward and discovery continues.

### XVI. EXPEDITED SCHEDULE

The parties do not believe that an expedited schedule is appropriate for this case.

### XVII. SCHEDULING AND TRIAL

The parties believe that it is premature to set discovery and motion cut-off deadlines, a deadline for determining the class certification issue, a pretrial conference, or a trial date in this matter prior to a determination on whether it will be transferred, stayed, or dismissed in light of the related *York* action.

Plaintiff has demanded a jury trial. The parties anticipate a 15- to 20-day trial if the case proceeds as a class action, and a 5- to 7-day trial if the case proceeds as an individual action.

## XVIII. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties have filed Certifications of Interested Entities or Persons pursuant to Local Rule 3-16. In their certifications, the parties collectively identified the following interested entities/persons: Plaintiff Brittney Cooper, Defendant Starbucks Corporation, and the members of the putative class.

DATED: July 19, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP

By  /s/Mark R. Curiel
Catherine A. Conway
Gregory W. Knopp
Mark R. Curiel
Jeremy F. Bollinger

Attorneys for Defendant

DATED: July 19, 2011

BLUMENTHAL, NORDREHAUG & BHOWMIK

By  /s/Aparajit Bhowmik
Norman B. Blumenthal
Kyle R. Nordrehaug
Aparajit Bhowmik
Piya Mukherjee

Attorneys for Plaintiff

PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 2029 Century Park East, Suite 2400, Los Angeles, CA 90067. On July 18, 2011, I served the foregoing document(s) described as: **JOINT CASE MANAGEMENT STATEMENT** on the interested party(ies) below, using the following means:

**All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION. Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ (FEDERAL) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 18, 2011 at Los Angeles, California.

Carmen M. Ayala
[Print Name of Person Executing Proof]          [Signature]