1  **AKIN GUMP STRAUSS HAUER & FELD LLP**
   CATHERINE A. CONWAY (SBN 98366)
2  GREGORY W. KNOPP (SBN 237615)
   MARK R. CURIEL (SBN 222749)
3  JEREMY F. BOLLINGER (SBN 240132)
   cconway@akingump.com
4  gknopp@akingump.com
   mcuriel@akingump.com
5  jbollinger@akingump.com
   2029 Century Park East, Suite 2400
6  Los Angeles, California 90067
   Telephone:     310-229-1000
7  Facsimile:     310-229-1001

8
   Attorneys for Defendant Starbucks Corporation
9

10              UNITED STATES DISTRICT COURT

11              NORTHERN DISTRICT OF CALIFORNIA

12                   SAN JOSE DIVISION

13

14  BRITTNEY COOPER, an individual, on       Case No. CV 11-03268 PSG
    behalf of herself and all persons similarly
15  situated,                                **DEFENDANT STARBUCKS
                                             CORPORATION'S NOTICE OF
16              Plaintiff,                    MOTION AND MOTION TO DISMISS
                                             OR, IN THE ALTERNATIVE, TO
17       v.                                   TRANSFER CASE TO THE CENTRAL
                                             DISTRICT OF CALIFORNIA**
18  STARBUCKS CORPORATION, a
    Washington Corporation; and DOES 1       Date:      October 11, 2011
19  through 50, inclusive,                    Time:      10:00 a.m.
                                             Place:     Courtroom 5, 4th Floor
20              Defendant.
                                             Date Action Filed:     May 24, 2011
21                                           Date Action Removed:   July 1, 2011

22

23

24

25                                    ˌ

26

27

28                                              Case No. CV 11-03268 PSG
    ─────────────────────────────────────────────────────────────────
    DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
                    THE CENTRAL DISTRICT OF CALIFORNIA
    101192487

**TO ALL PARTIES AND COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 11, 2011, at 10:00 a.m. in Courtroom 5 of the above-entitled court, located at 280 South 1st Street, San Jose, California 95113, defendant Starbucks Corporation ("Starbucks") will and hereby does move for an order to dismiss this action pursuant to the "first-to-file" rule or, in the alternative, to transfer this action to the Central District of California pursuant to 28 U.S.C. § 1404(a).

Starbucks seeks an order dismissing this action under the first-to-file rule because *York v. Starbucks Corporation*, Case No. 08-CV-07919, a substantially similar action filed in the Central District over two years earlier, includes the same claim as Cooper asserts and the same putative class that Cooper seeks to represent. In the alternative, Starbucks seeks an order transferring this action to the Central District of California, where *York* is pending, in the interests of justice and convenience to the parties.

This Motion is based upon this Notice of Motion and Motion, the attached Memorandum of Points and Authorities, the Declarations of Jana Rutt and Mark Curiel, any matter upon which the Court may take judicial notice, all pleadings and papers in the Court's file, and upon such argument as may be made at the hearing on this Motion.

Dated: September 2, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
Mark R. Curiel
Jeremy F. Bollinger


By_____/s/ *Mark R. Curiel*_____
Mark R. Curiel
Attorneys for Defendant Starbucks Corporation

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
THE CENTRAL DISTRICT OF CALIFORNIA

101192487

**STATEMENT OF ISSUES TO BE DECIDED**

Plaintiff Brittney Cooper filed this putative class action on May 24, 2011, alleging that Starbucks failed to pay its baristas for work performed off the clock. She is not, however, the first-to-file such a claim. Since December 2, 2008, *York v. Starbucks Corporation* has been pending in the Central District of California. Like *Cooper*, *York* is a putative class action that includes a claim that Starbucks baristas are not paid for work performed off the clock. The *York* putative class encompasses all of the class members that Cooper seeks to represent, including Cooper herself.

Given the overlap between the two actions, the *Cooper* action should be dismissed pursuant to the "first-to-file" rule. This rule is a recognized doctrine of comity in which a district court can decline jurisdiction over an action when another action involving the same parties and issues is already pending in another district. *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95, 96 (9th Cir. 1982). A court has discretion to dismiss a second-filed action after considering the chronology of the two actions, the identity of the parties, and the similarity of the issues at stake. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991). All of these factors favor dismissal here. This action was filed over two years after *York*, which includes the same claims and a putative class that encompasses *all* of the same individuals. Under the first-to-file rule, therefore, this action should be dismissed without prejudice to Cooper's individual claims.

In the alternative, the Court should transfer this action to the Central District, where it can be adjudicated more efficiently by a Court that has already spent almost three years considering the same claim. Transfer is proper under 28 U.S.C. § 1441(a) because this action could have been brought in the Central District, judicial economy favors a transfer, and a transfer would promote convenience for the parties and witnesses.

Case No. CV 11-03268 PSG

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA

101192487

1

**Table of Contents**

2

**Page**

3  I.    BACKGROUND ...............................................................................................1

4      A.    York v. Starbucks ..............................................................................1
5      B.    Cooper v. Starbucks .........................................................................2

6  II.   ARGUMENT....................................................................................................3

7      A.    This Case Should Be Dismissed Under the First-To-File Rule ...............3
          1.    The Chronology Factor Weighs in Favor of Dismissal................4
8          2.    The Identity of the Parties Warrants Dismissal............................4
          3.    The Similarity of the Issues Warrants Dismissal .........................5

9      B.    In the Alternative, This Case Should be Transferred to the Central District ...........5
10         1.    This Action Could Have Been Brought in the Central District .................6
          2.    The Interests of Justice and Convenience to the Parties and
11               Witnesses All Favor Transfer.................................................................7
              a)    Plaintiff's choice of forum is entitled to little deference ...............7
12               b)    The interests of justice favor transfer to the Central District..........8
              c)    The Convenience of the Parties and Witnesses Favors
13                    Transfer to the Central District ....................................................11

14 III.  CONCLUSION.................................................................................................12

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. CV 11-03268 PSG

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
THE CENTRAL DISTRICT OF CALIFORNIA
101192487

# TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*A.J. Indus., Inc. v. U.S. Dist. Ct. for the Central Dist. of Cal.*,
  503 F.2d 384 (9th Cir. 1974) ................................................................................9, 10

*Alioto v. Hoiles*,
  2004 WL 2326367 (N.D. Cal. Oct. 12, 2004) ..........................................................3, 4

*Alltrade, Inc. v. Uniweld Prods., Inc.*,
  946 F.2d 622 (9th Cir. 1991) ........................................................................................3

*Baird v. Cal. Faculty Assoc.*,
  2000 WL 516378 (N.D. Cal. Apr. 24, 2000) ............................................................8, 9

*Botkin v. Safeco Ins. Co. of America, Inc.*,
  2003 WL 1888873 (N.D. Cal. Apr. 14, 2003) ............................................................11

*Burns v. Horry County*,
  2006 WL 20409 (D.S.C. Jan. 4, 2006).......................................................................11

*Church of Scientology of Cal. v. U.S. Dept. of Army*,
  611 F.2d 738 (9th Cir. 1979) ........................................................................................3

*Continental Grain Co. v. Barge FBL-585*,
  364 U.S. 19 (1960)......................................................................................................10

*Crawford v. Bell*,
  599 F.2d 890 (9th Cir. 1979) ........................................................................................3

*De Figueiredo v. Trans World Airlines, Inc.*,
  55 F.R.D. 44 (S.D.N.Y. 1971) ...........................................................................8, 9, 11

*District Council 37 Health & Security Plan v. McKesson Corp.*,
  2006 WL 1305235 (N.D. Cal. May 11, 2006) ..............................................................4

*Dusky v. Bellasaire Inv.*,
  2007 WL 4403985 (C.D. Cal. Dec. 4, 2007) ................................................................9

*Electronics for Imaging, Inc. v. Tesseron, Ltd.*,
  2008 WL 276567 (N.D. Cal. Jan. 29, 2008) .....................................................6, 8, 10

*Greenline Industries, Inc. v. Agri-Process Innovations, Inc.*,
  2008 WL 2951743 (N.D. Cal. Jul. 28, 2008)................................................................4

*Hoefer v. U.S. Dept. of Commerce*,
  2000 WL 890862 (N.D. Cal. Jun. 28, 2000)................................................................7

Case No. CV 11-03268 PSG

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
THE CENTRAL DISTRICT OF CALIFORNIA

101192487

*Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*,
   544 F. Supp. 2d 949 (N.D. Cal. 2008) ...................................................................3, 5

*London and Hull Maritime Ins. Co. Ltd. v. Eagle Pacific Ins. Co.*,
   1996 WL 479013 (N.D. Cal. Aug. 15, 1996) .......................................................5, 8

*Lou v. Belzberg*,
   834 F.2d 730 (9th Cir. 1987) .....................................................................................7

*Madani v. Shell Oil Co.*,
   2008 WL 268986 (N.D. Cal. Jan. 30, 2008) ......................................................6, 10

*Modesto Irrigation Dist. v. Gutierrez*,
   2007 WL 915228 (E.D. Cal. Mar. 26, 2007) ...........................................................9

*Pacesetter Sys., Inc. v. Medtronic, Inc.*,
   678 F.2d 93 (9th Cir. 1982) .......................................................................................3

*Peak v. Green Tree Financial Servicing Corp.*,
   2000 WL 973685 (N.D. Cal. Jul. 7, 2000)................................................................4

*Perez-Funez v. INS*,
   611 F. Supp. 990 (C.D. Cal. 1984) ...........................................................................8

*Persepolis Enter. v. UPS, Inc.*,
   2007 WL 2669901 (N.D. Cal. Sep. 7, 2007) ...........................................................4

*Phoenix Solutions, Inc. v. Sony Electronics, Inc.*,
   2007 WL 4357602 (N.D. Cal. Dec. 11, 2007)..........................................................6

*Royal Queentex Enters. v. Sara Lee Corp.*,
   2000 WL 246599 (N.D. Cal. Mar. 1, 2000)..............................................................9

*SASCO v. Byers*,
   2009 WL 1010513 (N.D. Cal. Apr. 14, 2009) ......................................................3, 5

*U.S. v. Lyon*,
   2008 WL 2626814 (E.D. Cal. Jun. 26, 2008) ......................................................3, 4

*United States ex rel. Adrian v. Regents of the Univ. of Cal.*,
   2002 WL 334915 (N.D. Cal. Feb. 25, 2002) .........................................................11

*Van Dusen v. Barrack*,
   376 U.S. 612 (1964).................................................................................................6

*Ward v. Follett Corp.*,
   158 F.R.D. 645 (N.D. Cal. 1994)..........................................................................4, 5

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
THE CENTRAL DISTRICT OF CALIFORNIA

101192487

*Wiley v. Trendwest Resorts, Inc.*,
  2005 WL 1910934 (N.D. Cal. Aug. 10, 2005) ...............................................................7, 9, 10

*Williams v. Sears Roebuck & Co.*,
  1998 WL 61307 (N.D. Cal. Jan. 29, 1998)...........................................................................9, 10

*Wireless Consumers Alliance, Inc. v. T-Mobile USA, Inc.*,
  2003 WL 22387598 (N.D. Cal. Oct. 14, 2003).......................................................6, 7, 8, 10, 11

**FEDERAL STATUTES**

28 U.S.C.
  § 1194..............................................................................................................................5, 8
  § 1332(d)(2) .........................................................................................................................6
  § 1391(a) and (c)..................................................................................................................7
  § 1404(a) ...........................................................................................................................5, 6

**STATE STATUTES**

California Labor Code
  §§ 203...............................................................................................................................5, 8

**RULES**

Rule 23 ...................................................................................................................................4

Case No. CV 11-03268 PSG

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
THE CENTRAL DISTRICT OF CALIFORNIA

101192487

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.     BACKGROUND

### A.     *York v. Starbucks*

*York v. Starbucks Corporation*, Case No. 08-CV-07919, was filed on December 2, 2008 in the Central District of California.  Declaration of Mark Curiel ("Curiel Decl.") ¶ 2, Ex. A (York's Complaint).  The *York* action is brought on behalf of all individuals who worked at Starbucks in California as non-exempt employees since December 2, 2004.  Curiel Decl. ¶ 3, Ex. B (York's First Amended Complaint at ¶ 12.)  Among other claims, York brings claims under California Labor Code Sections 510 and 1198 (unpaid overtime), Sections 1194, 1197 and 1197.1 (unpaid minimum wages), Section 204 (wages not timely paid during employment), Section 226(a) (failure to provide accurate wage statements), and the Unfair Competition Law, California Business and Professions Code Section 17200 (the "UCL"), all of which are based in part on an alleged failure to pay for work performed off the clock.  Curiel Decl. ¶ 3, Ex. B (York's First Amended Complaint at ¶¶ 38, 40, 73, and 88.)

York bases her off-the-clock claim on a variety of activities that she claims she performed without pay, both in and out of the store:

> York was directed to pick up supplies from other stores, clean store lobbies, take the garbage out, and check and clean the store bathrooms. York also performed off-the-clock work in accordance with Starbucks' closing procedures, which required the closing partners to punch out before the supervisor set the alarm.

Curiel Decl. ¶ 4, Ex. C (York's Opposition to Starbucks Motion for Summary Adjudication ["MSJ Opp."] at 3:16-22.)  York also claims that she performed off-the-clock work during her meal breaks.  (*Id.* at 3.)  Accordingly, York seeks certification of two off-the-clock subclasses, one that encompasses off-the-clock work done during an employee's shift (*i.e.*, during their meal breaks) and one that encompasses off-the-clock work done before and after their shift.  Curiel Decl. ¶ 5, Ex. D (York's Class Certification Motion ["Class Cert. Mtn."] at 17, 18.)[1]  Thus, York's proposed subclasses admittedly cover *all* possible off-the-clock work.

---

[1] In her Supplemental Memorandum in Support of her Motion for Class Certification ("Supp. Memo"), York proposed that the Court consolidate her off-the-clock subclasses into one Off-The-Class

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
THE CENTRAL DISTRICT OF CALIFORNIA

101192487

1    Indeed, in support of her Motion for Class Certification, York relied on a survey of putative

2    class members that confirms that she claims off-the-clock work of any type. *See* Curiel Decl. ¶ 7, Ex.

3    F (Reply in support of Motion for Class Certification at 18:4-9 (citing Declaration of Becky Wu)). In

4    the survey, putative class members are questioned about alleged off-the-clock work, which the survey

5    defined as follows: "work that was performed either before you punched in for your shift, or after you

6    punched out at the end of your shift, and as a result, you didn't get paid for that work." Curiel Decl.

7    ¶ 8, Ex. G (Declaration of Becky Wu in support of York's Motion for Class Certification, Exhibit B,

8    page 3). York has stated that she intends to rely on this survey at the liability phase of trial. Curiel

9    Decl. ¶ 9, Ex. H (Plaintiff's Proposed Trial Plan at 6).

10    In *York*, the Court has already decided Starbucks motion for summary adjudication and

11    Starbucks motion for reconsideration of its motion for summary adjudication, and the parties have

12    already briefed and argued York's motion for class certification. In support of their respective

13    positions regarding class certification, the parties have also submitted supplemental briefings as well as

14    four notices of new authorities. Additionally, Magistrate Judge Patrick J. Walsh has decided two

15    motions to compel discovery. Curiel Decl. ¶ 10.

16    **B.    *Cooper v. Starbucks***

17    Cooper filed this action in Santa Clara Superior Court on May 24, 2011, alleging that Starbucks

18    failed to pay wages for all hours worked. She seeks to represent a class of all baristas employed by

19    Starbucks in California since May 24, 2007. Cooper's Complaint ¶ 4. Starbucks removed the action to

20    this Court on July 1, 2011.

21    Like York, Cooper alleges that Starbucks failed to pay her for work performed off the clock.

22    Cooper alleges that the off-the-clock work resulted from a "company-wide policy, practice and

23    procedure in California" of failing to record and pay for training activities. Cooper's Complaint ¶¶ 3,

24

25    Subclass encompassing "All individuals who were employed by Starbucks Corporation as café
attendants, baristas, and/or shift supervisors within California at any time between December 2, 2004

26    and the date class certification is granted for claims of work performed but not recorded resulting in
unpaid minimum wages and overtime (arising under California Labor Code sections 201, 202, 203,

27    226, 510, 1194, 1197, 1197.1 and 1198, and California Business & Professions Code section 17200 . . .
"). Curiel Decl. ¶ 6, Ex. E (Supp. Memo at 5).

28

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
THE CENTRAL DISTRICT OF CALIFORNIA

101192487

12. Based on these allegations, Cooper brings claims for minimum wage and overtime violations, as well as derivative claims for inaccurate wage statements under Section 226 and restitution under the UCL.

## II.   ARGUMENT

### A.   This Case Should Be Dismissed Under the First-To-File Rule.

The first-to-file rule "is a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95, 96 (9th Cir. 1982). "The doctrine is designed to avoid placing an unnecessary burden on the federal judiciary, and to avoid the embarrassment of conflicting judgments.... [T]he 'first-to-file' rule normally serves the purpose of promoting efficiency well and should not be disregarded lightly." *Church of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 749-50 (9th Cir. 1979); *see also Crawford v. Bell*, 599 F.2d 890, 893 (9th Cir. 1979) ("[I]ncreasing calendar congestion in the federal courts makes it imperative to avoid concurrent litigation in more than one forum whenever consistent with the rights of the parties.").

A district court has discretion to dismiss, transfer or stay a second-filed action after analyzing three factors: 1) the chronology of the two actions, 2) the identity of the parties, and 3) the similarity of the issues at stake. *See Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 625 (9th Cir. 1991); *Alioto v. Hoiles*, No. C 04-1395 PJH, 2004 WL 2326367 at *4 (N.D. Cal. Oct. 12, 2004) ("the 'first-to-file' rule supports staying, dismissing, or transferring a second-filed action.").

In applying the first-to-file rule, courts in the Ninth Circuit have consistently elected dismissal when the parties and issues in the two actions are substantially similar. *See, e.g., SASCO v. Byers*, No. C 08-5641 JF (RS), 2009 WL 1010513 at *6-7 (N.D. Cal. Apr. 14, 2009) (granting motion to dismiss where "the subject claims and counterclaims therefore are at least 'substantially similar' to one another, as required to trigger the first-to-file rule"); *Intersearch Worldwide, Ltd. v. Intersearch Group, Inc.*, 544 F. Supp. 2d 949, 963 (N.D. Cal. 2008) (same); *U.S. v. Lyon*, No. CV F 07-491 LJO GSA, 2008 WL 2626814 at *7-8 (E.D. Cal. Jun. 26, 2008) (dismissing the second-filed suit where the two actions were

1   "duplicative," meaning "the claims, parties, and available relief do not significantly differ between the

2   two actions.") (citing *Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (9th Cir.1993)).  This rule

3   applies equally to overlapping Rule 23 class actions.  *See District Council 37 Health & Security Plan v.*

4   *McKesson Corp.*, No. C06-00718 SBA, 2006 WL 1305235 at *1 (N.D. Cal. May 11, 2006) (dismissing

5   second-filed class action); *Peak v. Green Tree Financial Servicing Corp.*, No. C-00-0953 SC, 2000 WL

6   973685 at *2-3 (N.D. Cal. Jul. 7, 2000) (same).

7           Here, as explained below, application of the first-to-file rule warrants dismissal.

8                  1.    The Chronology Factor Weighs in Favor of Dismissal

9           In applying this factor, "courts focus on the date upon which the party filed its original, rather

10  than its amended complaint." *Ward v. Follett Corp.*, 158 F.R.D. 645, 648 (N.D. Cal. 1994).  Moreover,

11  when a case is removed to federal court, the court considers the date of filing in the state court, not the

12  date of removal.  *See Greenline Industries, Inc. v. Agri-Process Innovations, Inc.*, No. C 08-2438 CW,

13  2008 WL 2951743 at *4 (N.D. Cal. Jul. 28, 2008).  Here, York's lawsuit plainly came first, as it was

14  filed on December 2, 2008, well before Cooper filed her lawsuit on May 24, 2011.

15                 2.    The Identity of the Parties Warrants Dismissal

16          "Exact parallelism between the two actions need not exist; it is enough if the parties and issues

17  in the two actions are 'substantially similar.'" *Alioto*, 2004 WL 2326367 at *5, citing *Nakash v.*

18  *Marciano*, 882 F.2d 1411, 1416 (9th Cir. 1989).  Here, every party to the *Cooper* action is already a

19  party to the *York* action.  Starbucks is the only defendant in both actions.  And while the two actions

20  have different named plaintiffs, the court is required to compare the proposed classes, not their

21  representatives.  *See Persepolis Enter. v. UPS, Inc.*, No. C-07-02379 SC, 2007 WL 2669901 at *2

22  (N.D. Cal. Sep. 7, 2007).  The *York* action is brought on behalf of all individuals who worked at

23  Starbucks in California as non-exempt hourly employees since December 2, 2004.  Curiel Decl. ¶ 3,

24  Ex. B (York's First Amended Complaint at ¶ 12.)  Cooper seeks to represent a subset of the *York* class:

25  all baristas employed by Starbucks in California since May 24, 2007.  Cooper's Complaint ¶ 4.  Thus,

26  the *York* putative class encompasses all of the *Cooper* putative class members, including Cooper

27  herself.  Accordingly, the parties in the two actions are identical for purposes of the first-to-file rule.

28
                                                    4                        Case No. CV 11-03268 PSG

1

### 3. The Similarity of the Issues Warrants Dismissal

2    "[T]he first-to-file rule is satisfied by a *sufficient* similarity of issues." *Intersearch*, 544 F.

3    Supp. 2d at 959 (citation omitted) (emphasis in original); *see also Ward*, 158 F.R.D. at 649 ("While

4    [plaintiff's] original and amended complaints do not assert identical [issues], that fact does not destroy

5    the ultimate similarity between the Illinois action and the California action."); *SASCO*, 2009 WL

6    1010513 at *5 ("any substantial overlap in the issues supports deference to the proceedings in the first-

7    filed action."). "The issues need not be identical to allow one court to decide the action." *Intersearch*,

8    544 F. Supp. 2d at 960 (citation omitted).

9    There is sufficient similarity here. According to Cooper, she and other hourly employees were

10   allegedly forced to conduct training activities off the clock without compensation. Complaint ¶ 3. But,

11   as explained above, the *York* action already covers *all* possible off-the-clock allegations, encompassing

12   work done in and out of the store, and work done before, during and after an employee's shift. *See*

13   Curiel Decl. ¶ 6, Ex. E (Supp. Memo at 5.); Curiel Decl. ¶ 8 Ex. G (Exhibit B Wu Declaration, page 3.)

14   Further, the remedies York seeks encompass the remedies sought by Cooper. Like Cooper, York seeks

15   damages under Section 1194 and penalties under Section 203 for Starbucks allegedly willful failure to

16   pay timely wages. *Cf.* Curiel Decl. ¶ 3, Ex. B (York's First Amended Complaint at ¶¶ 81-82) *with*

17   Cooper's Complaint p. 18 (E). Like Cooper, York also seeks restitution under the UCL. *Cf.* Curiel

18   Decl. ¶ 3, Ex B (York's First Amended Complaint at ¶¶ 102-104) *with* Cooper's Complaint ¶ 34; *see*

19   *also Intersearch*, 544 F. Supp. 2d at 963 ("Dismissal is proper where the court of first filing provides

20   adequate remedies.").

21   In short, application of the first-to-file rule warrants dismissal, as the issues and parties are

22   identical between the *Cooper* and *York* actions.

23   **B.    In the Alternative, This Case Should be Transferred to the Central District.**

24   If the Court is not inclined to dismiss this case, then it should transfer the case to the Central

25   District of California.  District courts have "broad discretion" to transfer civil actions to any other

26   district where they may have been brought. 28 U.S.C. § 1404(a)*; London and Hull Maritime Ins. Co.*

27   *Ltd. v. Eagle Pacific Ins. Co.*, No. C 96-01512, 1996 WL 479013 at *2 (N.D. Cal. Aug. 15, 1996).

28

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
THE CENTRAL DISTRICT OF CALIFORNIA

101192487

1  Upon a motion to transfer, the Court first must determine whether the action could have been brought

2  in the forum to which transfer is sought.  28 U.S.C. § 1404(a); *Wireless Consumers Alliance, Inc. v. T-*

3  *Mobile USA, Inc.*, No. C 03-3711, 2003 WL 22387598 at *2 (N.D. Cal. Oct. 14, 2003).  If so, the court

4  "then balances the plaintiff's interest to freely choose a litigation forum against the aggregate

5  considerations of convenience of the defendants and witnesses and the interest of justice." *Wireless*

6  *Consumers Alliance, Inc.*, 2003 WL 22387598 at *2; *see also Electronics for Imaging, Inc. v. Tesseron,*

7  *Ltd.*, No. C 07-05534, 2008 WL 276567 at *1 (N.D. Cal. Jan. 29, 2008); *Madani v. Shell Oil Co.*, No.

8  C07-04296, 2008 WL 268986 at *2 (N.D. Cal. Jan. 30, 2008).  The purpose of transferring venue "is to

9  prevent the waste 'of time, energy and money' and 'to protect litigants, witnesses, and the public

10 against unnecessary inconvenience and expense.'" *Van Dusen v. Barrack*, 376 U.S. 612, 616 (1964)

11 (quoting *Continental Grain Co. v. Barge FBL-585*, 364 U.S. 19, 26-27 (1960)).  All of these interests

12 would be served by transferring this action to the Central District of California.

13                              1.        This Action Could Have Been Brought in the Central District

14             This factor warrants transfer where the receiving court (1) has proper subject matter

15 jurisdiction, (2) has personal jurisdiction over the defendant, and (3) is a proper venue.  *Phoenix*

16 *Solutions, Inc. v. Sony Electronics, Inc.*, No. C 07-02112 MHP, 2007 WL 4357602 *3 (N.D. Cal. Dec.

17 11, 2007).  Here, the Central District, like this district, has subject matter jurisdiction based on the

18 Class Action Fairness Act.  *See* 28 U.S.C. § 1332(d)(2); *see also* Docket No. 1 (Starbucks Notice of

19 Removal).

20             The Central District of California also has personal jurisdiction over Starbucks.  Starbucks

21 conducts extensive business in California and has had approximately 1868 total stores in California as

22 of April 2011.  Declaration of Jana Rutt ("Rutt Decl.") ¶ 2.  Indeed, the *York* Court is already

23 exercising subject matter jurisdiction over Starbucks.  Accordingly, Starbucks is subject to personal

24 jurisdiction in any California district courts, including the Central District.  *See Wireless Consumers*

25 *Alliance, Inc.*, 2003 WL 22387598 at *2 (finding that the action could have been brought in the Central

26 District where the defendant conducted business with customers throughout California).

27

28

Finally, venue is proper in any judicial district where a defendant "resides." 28 U.S.C. § 1391(a). Of approximately 1868 Starbucks stores in California, approximately 855 (or 46 percent) are located in the Central District. Rutt Decl. ¶ 2. Thus, Starbucks is deemed to "reside" in the Central District for purposes of venue, and this action could properly have been brought there. 28 U.S.C. § 1391(c) ("For purposes of venue. . . a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction").

      2.    <u>The Interests of Justice and Convenience to the Parties and Witnesses All Favor Transfer</u>

      a)    Plaintiff's choice of forum is entitled to little deference

Although a plaintiff's choice of forum is generally given significant weight, this is not true in class actions where the putative class members are widespread and have no particular tie to the chosen forum. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987) ("when an individual brings a derivative suit or represents a class, the named plaintiff's choice of forum is given less weight"); *Wiley v. Trendwest Resorts, Inc.*, No. C 04-4321, 2005 WL 1910934 at *2 (N.D. Cal. Aug. 10, 2005) ("the plaintiff's choice of forum receives less deference when the plaintiff brings a purported class action."); *Wireless Consumers Alliance*, 2003 WL 22387598 at *3 ("Courts have also found that a plaintiff's choice of forum should receive little deference when he brings suit in a representative capacity"); *Hoefer v. U.S. Dept. of Commerce*, No. C 00 0918, 2000 WL 890862 at *2 (N.D. Cal. Jun. 28, 2000) (noting in a putative class action that "the members of the purported class are numerous and are located throughout the nation" and therefore "[t]he plaintiff's choice of forum. . . is not given substantial weight when determining whether a transfer of venue is proper").

Here, Cooper's proposed class includes "*all* current and former non-exempt, hourly employees who worked for Starbucks as a Barista in California . . . ." Cooper's Complaint ¶ 4 (emphasis added). Because the putative class members are spread throughout the state and have no particular tie to the chosen forum, Cooper's decision to file her class action in Santa Clara County must be afforded little weight.

1                              b)       The interests of justice favor transfer to the Central District

2              In deciding a motion to transfer, "the interest of justice is the most important consideration."

3     *Electronics for Imaging*, 2008 WL 276567 at *1; *see also Wireless Consumers Alliance*, 2003 WL

4     22387598 at *4 ("The question of which forum will better serve the interest of justice is of

5     predominant importance on the question of transfer"); *London and Hull Maritime Ltd.*, 1996 WL

6     479013 at *3 ("The 'interests of justice' consideration is the most important factor a court must

7     consider, and may be decisive in a transfer motion even when all other factors point the other way.").

8     "A major consideration in the interests of justice analysis is the desire to avoid duplicative litigation

9     and prevent waste of time and money." *Baird v. Cal. Faculty Assoc.*, No. C-00-0628 VRW, 2000 WL

10    516378 at *1 (N.D. Cal. Apr. 24, 2000).

11             The *York* and *Cooper* actions are so similar that they should be consolidated in the interest of

12    justice. First, as discussed above, the parties in both actions substantially overlap. Starbucks is the

13    defendant in each case, and the *York* putative class encompasses the entire *Cooper* putative class.

14    *Wireless Consumers Alliance*, 2003 WL 22387598 at *5 (holding that even though the named plaintiffs

15    on two cases were different, the fact that they brought actions on behalf of the same classes of

16    individuals made the parties in both cases identical). Second, the only substantive claim that Cooper

17    alleges—whether she is owed compensation for alleged off-the-clock work—is already at issue in

18    *York*. Finally, both parties seek the same relief—damages under Section 1194, penalties under Section

19    203, and restitution under the UCL.

20             Because of the overlap between these cases, the most efficient manner of adjudicating them is

21    to consolidate them so that duplicative costs of discovery, motion practice, and trial can be avoided.

22    *Perez-Funez v. INS*, 611 F. Supp. 990, 994 (C.D. Cal. 1984) (consolidating cases where in the first

23    action the parties had "generated hundreds of pages of pleadings and testimony" which would be

24    pertinent to the second action because "to require the separate prosecution of these actions would result

25    in the duplication of effort, unnecessary costs, and delays Rule 42(a) was designed to avoid."); *De*

26    *Figueiredo v. Trans World Airlines, Inc.*, 55 F.R.D. 44, 46 (S.D.N.Y. 1971) ("where both suits arise

27    from the same operative facts, and substantially the same witnesses will testify in both cases,

28

1    consolidation is particularly appropriate and will serve the purpose of trial convenience and economy

2    in administration") (internal citations omitted).

3          Consolidation is also necessary to avoid the substantial risk of inconsistent judgments. *Dusky*

4    *v. Bellasaire Inv.*, No. SACV07-874 DOC(ANx), 2007 WL 4403985 at *3 (C.D. Cal. Dec. 4, 2007)

5    ("The real risk of inconsistent judgments arises if the parties are allowed to proceed with dispositive

6    motions or trial in an uncoordinated manner. If parties in one case push for an expedited trial, while

7    parties in another pursue extensive discovery, this may lead to inconsistent results that are not justified

8    by the largely similar facts of each case."); *Modesto Irrigation Dist. v. Gutierrez*, No. 06-CV-00453

9    OWW DLB, 2007 WL 915228 at *5 (E.D. Cal. Mar. 26, 2007) (consolidating cases where "absent

10   consolidation, there is a real risk that the district court may issue inconsistent rulings on those claims

11   for which there is substantial overlap.") Transferring the case also will remove the risk of two courts

12   coming to inapposite results—such as one court granting and one court denying class certification.

13   *Wireless Consumers Alliance*, 2003 WL 22387598 at *6 (transferring case in part because it minimized

14   "the risk of conflicting rulings on the same issues").

15         Because this action must be transferred to the Central District before it can be consolidated, this

16   Court should, in the interest of judicial efficiency, grant Starbucks motion to transfer. *Royal Queentex*

17   *Enters. v. Sara Lee Corp.*, No. C 99-4787 MJJ, 2000 WL 246599 at *7 (N.D. Cal. Mar. 1, 2000)

18   ("Transfer is favored where it will allow consolidation with another pending action and conserve

19   judicial resources."); *see also A.J. Indus., Inc. v. U.S. Dist. Ct. for the Central Dist. of Cal.*, 503 F.2d

20   384, 389 (9th Cir. 1974) ("[t]he feasibility of consolidation is a significant factor in a transfer

21   decision."). In fact, "[t]ransferring venue, when the only reason is to consolidate cases pending before

22   a district court, is enough to satisfy the interest of justice." *Williams v. Sears Roebuck & Co.*, No. C97-

23   3794 FMS, 1998 WL 61307 at *2 (N.D. Cal. Jan. 29, 1998); *see also Wiley*, 2005 WL 1910934 at *4

24   (granting a motion to transfer because defendant wanted to consolidate actions, and consolidation

25   "would eliminate the possibility of inconsistent rulings."); *Baird*, 2000 WL 516378 at *1 ("transfer will

26   provide the transferee court the opportunity to consider consolidation as further enhancement of

27   judicial economy."); *Williams*, 1998 WL 61307 at *1 (granting motion to transfer to allow defendants

28

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
THE CENTRAL DISTRICT OF CALIFORNIA
101192487

1   to consolidate cases because "[t]he plaintiffs should also save expense by sharing the costs of trial with

2   other parties in the consolidated cases.").

3         Even if *Cooper* and *York* are not consolidated, the existence of a related case in the Central

4   District still weighs heavily in favor of transferring venue because of judicial efficiencies inherent in

5   having similar cases before the same court. *A.J. Indus., Inc.*, 503 F. 2d at 389 (noting that even where

6   cases are not consolidated, "the pendency of an action in another district is important because of the

7   positive effects it might have in possible consolidation of discovery and convenience to witnesses and

8   parties"); *Wiley*, 2005 WL 1910934 at *3 ("[i]n evaluating the 'interests of justice,' the pendency of

9   related actions in the proposed transferee forum is a highly persuasive factor."); *Wireless Consumers*

10   *Alliance*, 2003 WL 22387598 at *4 ("All that is required is the possible consolidation of discovery or

11   witness testimony, whereas actual consolidation of the cases is not necessary."). As the Supreme Court

12   explained:

13   
14           [t]o permit a situation in which two cases involving precisely the same
        issues are simultaneously pending in different District Courts leads to the
        wastefulness of time, energy and money that § 1404(a) was designed to
        prevent.

15   
16   *Continental Grain*, 364 U.S. at 26; *see also Electronics for Imaging*, 2008 WL 276567 at *1.

17         Transfer is especially warranted given the current posture of *York*. Judge Feess has already

18   ruled on Starbucks Motion for Summary Adjudication and has heard oral arguments on York's Motion

19   for Class Certification. Curiel Decl. ¶ 10. Magistrate Judge Patrick J. Walsh has already decided two

20   motions to compel. *Id.* Because Judge Feess and Magistrate Walsh are already immersed in the

21   litigation, they can most efficiently adjudicate the *Cooper* action as well. *Madani*, 2008 WL 268986 at

22   *2 (granting a motion for transfer because another district judge had presided over and dismissed a

23   similar action and was "presumably more familiar than this Court with underlying factual contentions

24   that are common to both actions" and would therefore be "in the best position to determine substantive

25   issues raised in the present litigation."); *see also Wireless Consumers Alliance*, 2003 WL 22387598 at

26   *6 (transferring a case in part because otherwise, "much time and effort would have been wasted in the

27   
28

1  course of rehearing and reestablishing the facts and circumstances of this case and issuing a new

2  opinion to reiterate what [the previous judge] had already stated").

3            c)    The Convenience of the Parties and Witnesses Favors Transfer to the
                   Central District
4
5        Starbucks has approximately 855 stores in the Central District as compared to only

6  approximately 466 stores in the Northern District.  Rutt Decl. ¶ 2.  Thus, a greater number of putative

7  class members and witnesses will likely be located in the Central District, making the Central District a

8  more convenient venue.  *See, e.g. Botkin v. Safeco Ins. Co. of America, Inc.*, No. C 03-0246 WHA,

9  2003 WL 1888873 at *3 (N.D. Cal. Apr. 14, 2003) (granting motion to transfer from Northern District

10 to Central District because witnesses were located in the Central District); *United States ex rel. Adrian

11 v. Regents of the Univ. of Cal.*, No. C 99-3864 TEH, 2002 WL 334915 at *4 (N.D. Cal. Feb. 25, 2002)

12 (granting a motion to transfer where more witnesses resided in the transferee district than in the

13 transferor district).

14       Moreover, if *Cooper* is transferred and consolidated with *York*, that would further promote

15 convenience for the parties and witnesses.  For example, witnesses would only have to travel to a

16 single trial, depositions would only need to be taken once, and evidence could be marshaled more

17 efficiently.  *De Figueiredo*, 55 F.R.D. at 46 ("where both suits arise from the same operative facts, and

18 substantially the same witnesses will testify in both cases, consolidation . . . will serve the purpose of

19 trial convenience and economy in administration.") (internal citations omitted); *see also Burns v. Horry

20 County*, No. 4:04-986-25 RBH, 2006 WL 20409 at *1 (D.S.C. Jan. 4, 2006) (consolidating three

21 overtime cases because they "involve[d] party plaintiffs who worked for the same employer defendant,

22 had similar duties, and who are expected to present the same witnesses and legal issues for

23 resolution").

24

25

26

27

28

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
THE CENTRAL DISTRICT OF CALIFORNIA
101192487

III.   **CONCLUSION**

For the reasons discussed above, Starbucks respectfully requests that the Court grant its motion to dismiss.  In the alternative, the Court should transfer this action to the Central District of California.

Dated:  September 2, 2011

AKIN GUMP STRAUSS HAUER & FELD LLP
Catherine A. Conway
Gregory W. Knopp
Mark R. Curiel
Jeremy F. Bollinger


By_____/s/ Mark R. Curiel_____
                                    Mark R. Curiel
Attorneys for Defendant Starbucks Corporation

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO
THE CENTRAL DISTRICT OF CALIFORNIA
101192487

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is:  2029 Century Park East, Suite 2400, Los Angeles, CA  90067.  On September 2, 2011, I served the foregoing document(s) described as: **DEFENDANT STARBUCKS CORPORATION'S NOTICE OF MOTION AND MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA** on the interested party(ies) below, using the following means:

          **All parties identified for Notice of Electronic Filing generated by the Court's CM/ECF system under the referenced case caption and number**

☒ BY ELECTRONIC MAIL OR ELECTRONIC TRANSMISSION.  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent to the respective e-mail address(es) of the party(ies) as stated above.  I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

     I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

     Executed on September 2, 2011 at Los Angeles, California.

Rebecca McNew
[Print Name of Person Executing Proof]

[Signature]

Case No. CV 11-03268 PSG

DEFENDANT'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, TO TRANSFER CASE TO THE CENTRAL DISTRICT OF CALIFORNIA

101192487